**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE FELIPE VELASCO,

               Petitioner - Appellant,

v.

KATHLEEN ALLISON, Warden,

               Respondent - Appellee.

No. 14-55839

D.C. No. 8:12-cv-01011-JSL-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

    Jose Felipe Velasco appeals the denial of his habeas petition under 28 U.S.C.

§ 2254.  We affirm.  Because the petition was filed after April 24, 1996, the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") govern.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

AEDPA, habeas relief may be granted only if the state court's adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal did not err in rejecting Velasco's claims of juror bias and affirming his conviction and sentence. The state trial court engaged in a lengthy colloquy with Juror 112 after she admitted remembering that a former coworker committed a similar crime to Velasco's and expressed doubts about her ability to remain impartial. Although Juror 112 made several troubling statements during that colloquy, she also expressed confidence that she could follow the court's instructions and consider only admissible evidence when returning a verdict. Given that trial courts are "best situated to determine competency to serve impartially," *Patton v. Yount*, 467 U.S. 1025, 1039 (1984), it was not unreasonable for the state court to find that Juror 112 was believable when she promised to adhere to the judge's instructions. 28 U.S.C. § 2254(d)(2). Nor was the state court's decision "contrary to" or "an unreasonable application of" the Supreme Court's decisions on juror bias. *See Patton,* 467 U.S. at 1036-40; *Skilling v. United*

2

*States*, 561 U.S. 358, 396-99 (2010); *see also* 28 U.S.C. § 2254(d)(1).  Thus,

Velasco's claim fails under both prongs of § 2254.

**AFFIRMED.**

*Velasco v. Allison*, No. 14-55839

Pregerson, J., dissenting:

I dissent. The "several troubling statements" Juror 112 uttered during the lengthy colloquy with the court, in my view, would compel any fair-minded jurist to find actual bias, a determination that would have required the juror's replacement by one of the three sitting alternates.